James K. Lubing, WY Bar No. 5-2284
Leah K. Corrigan, WY Bar No. 6-4992
LUBING & CORRIGAN, LLC
P.O. Box 3894
Jackson, WY 83001
(307) 733-7242 – Telephone
(307) 733-7471 – Facsimile
*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS, a Texas Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CENTER STREET REAL ESTATE, LLC, a Wyoming limited liability company,<br><br>and<br><br>HERBERT C. HAZEN, a Wyoming citizen<br><br>Defendants.<br><br>CENTER STREET REAL ESTATE, LLC<br><br>Third Party Plaintiff,<br><br>vs.<br><br>HUB INTERNATIONAL MOUNTAIN STATES LIMITED<br><br>and<br><br>JOHN KRAMER<br>Third Party Defendants. | Civil Action No. 11-cv-374ABJ<br><br><br><br>**DEFENDANT CENTER STREET REAL ESTATE, LLC'S MOTION PURSUANT TO RULE 56(d) TO DEFER CONSIDERATION OF, OR IN THE ALTERNATIVE, TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

COMES NOW Defendant Center Street Real Estate, LLC, by and through counsel James K. Lubing and Leah K. Corrigan of Lubing & Corrigan, LLC, and pursuant to Rule 56(d) of the Federal Rules of Civil Procedure hereby requests that this Court defer consideration of, or simply deny, Plaintiff's Motion for Summary Judgment in order to allow Defendant Center Street to conduct reasonable discovery prior to responding to Defendant's Motion for Summary Judgment, for the following reasons:

## PROCEDURAL HISTORY

Plaintiff filed this declaratory judgment action on December 14, 2011, seeking a declaration that Plaintiff Hallmark Insurance Company of Texas (hereinafter Plaintiff or "Hallmark Insurance") has no duty to defend or indemnify Defendant Center Street Real Estate, LLC (hereinafter "Center Street") regarding claims in a negligence action pending in State Court in Teton County, Wyoming. On February 14, 2012, Center Street filed its First Supplemental Answer and Third Party Complaint, stating defenses and making third party claims against Third Party Defendant HUB International Mountain States Limited and John Kramer, the agency and agent that brokered the subject policy. Those Third Party Defendants have not yet filed any answer to Center Street's third party complaint.

No Rule 26 discovery has yet been produced or exchanged in this matter, nor has the due date therefore arrived. Discovery has not begun among the parties, nor has the issue of a Rule 26(f) conference occurred or even been discussed.

No scheduling conference has been held in this case, and this Court has set no deadlines for discovery or dispositive motions.

## STATEMENT OF FACTS

In this action, Plaintiff seeks a declaratory judgment that Plaintiff has no duty to defend nor any duty to indemnify Defendant in an underlying tort action that has been filed in state court in Teton County, Wyoming. That underlying action arises out of a purported slip and fall accident that allegedly occurred on the premises of Defendant's property on October 19, 2009. Defendant asserts here that its insurance was not in effect on October 19, 2009.

The Statement of Facts contained in the Brief in Support of Plaintiff's Motion for Summary Judgment (hereinafter "Plaintiffs' Brief") raises as many questions as it answers. The following are examples of the multitude of unanswered questions raised by Plaintiff's own Motion:

- "On or about October 21, 2009, a representative of Center Street or its affiliated company – EFC WY, LLC – attempted to obtain insurance for the 175 Center Street property through HUB International Mountain States Ltd., in Jackson, Wyoming." [Plaintiff's Brief, at 4.] Did this occur on October 21 or was it earlier or later? The insurance proposal and other documents prepared by HUB are dated October 19, 2012, the exact same day that Mr. Hazen alleges he fell. What is the legal relationship of HUB International Mountain States Ltd. (herein "HUB") to Hallmark Insurance? Is that relationship such that Hallmark Insurance is bound by representations made by HUB and is charged with notice of information provided to HUB? Did HUB effectively bind Hallmark to the offer, acceptance and receipt such as to create a binding contract between Hallmark and Center

Street providing coverage effective from August 21, 2009 to August 21, 2010, as was reflected on the documentation prepared by HUB and provided to Center Street at the time of the transaction? What consistent or inconsistent representations were made to Eben Dorros as a representative of Center Street or EFC WY, LLC at that time?

- "The form was date stamped October 22, 2009 on the bottom of each page." [Id.] Who date stamped this date on the form? Was it date stamped on the same day that it was created, or at some later time?
- "A Restaurant Supplemental Questionnaire filled out on behalf of EFC WY, LLC was dated October 26, 2009." [Id.] Why was this questionnaire filled out on a different date than the Business Owners Application? Who filled out the form and what representations were made to Defendant at that time regarding the status of the application for insurance?
- "A Commercial Advantage Policy Proposal was issued on October 19, 2009" which "stated a proposed effective date of August 21, 2009 and a proposed expiration date of August 21, 2010." [Id.] Is this not the document that Center Street acted on to effectively accept the offer of coverage retroactively effective as of August 21, 2009? If Defendant met with HUB on October 21, why was this document issued on October 19? Did Defendant actually meet with HUB on October 19, 2009? Who issued this document? What authority did that person have to bind Plaintiff? Was the document delivered to Center Street on October 19, 2009? What payment did Center Street

or EFC WY, LLC make at that time? When did Hallmark accept the premium in relation to the issuance of the policy, and when is it reasonable to conclude that a contractual relationship was formed? Why did this proposal give these effective dates for the insurance? By whom were these dates requested or proposed for insurance coverage, and why were these dates chosen? What representations did HUB make to Center Street or EFC WY, LLC on October 19, 2009? Is the relationship between HUB and Plaintiff such that Plaintiff is bound by any representations or promises made? Under the circumstances, was it reasonable for Center Street to rely on representations made on October 19, 2009 regarding the effective date of insurance?

- "American Hallmark issued a commercial advantage policy to EFC WY, LLC and Center Street was subsequently added as an insured" and the policy "has effective dates of October 22, 2009 to October 22, 2010." [Plaintiff's Brief, at 5.] If HUB requested insurance coverage effective August 21, 2009, why was a policy issued effective October 22, 2009? What communications were there between HUB and Plaintiff regarding the discrepancies between the August 21, 2009 date and the October 22, 2009 date? Were Center Street and EFC WY, LLC told that, in spite of the request for insurance effective August 21, 2009, the policy would be issued to be effective October 22, 2009?

- "On July 7, 2010 an Acord Cancellation Request/Policy Release was prepared on behalf of the insured" and that request "indicated that the policy was effective as of August 21, 2009." Doesn't the fact that this request indicated an effective date of August 21, 2009 support the conclusion that both HUB and the insured understood the policy to be effective on that date? Under the circumstances, is Plaintiff bound by HUB's representations and it's understanding of the policy's terms?

These facts must be read with the likely understanding that at no time during this entire sequence of events was anyone aware that Herbert Hazen would be asserting a tort claim against Center Street. The first notice to Defendant of Mr. Hazen's claim was provided in a letter dated August 31, 2010 from Mr. Hazen's counsel, William Fix, to Center Street. [Letter to Center Street from William R. Fix, dated August 31, 2010, attached as Exhibit A.]

## ARGUMENT

This summary judgment motion is premature. The pleadings in this case are not even complete, as Center Street's Answer has asserted a third party complaint against HUB to which HUB has not yet even filed any responsive pleading. Discovery has not even begun.

As the above Statement of Facts shows, the facts presented in support of the Motion for Summary Judgment raise more questions than they answer. None of those issues are addressed by the basic insurance cases cited in Plaintiff's motion for summary judgment. The facts here show that, through HUB, Center Street was offered insurance with an effective date of August 21, 2009. Even the

following summer, in July 2010, when HUB on behalf of Center Street applied for cancellation of the policy, HUB and Center Street BOTH thought that the policy had an effective date of August 21, 2009. Since the exact nature of the relationship between HUB and Plaintiff is undefined at the current time, it is unknown whether and how Plaintiff is charged with such knowledge. It is unknown what representations HUB made to Center Street, whether Plaintiff is bound by any such representations, and the legal and practical effect of such a determination.

Under certain circumstances, Wyoming allows for reformation of an insurance policy when there is a mutual mistake concerning its terms, even if the insured [ in this case clearly after the substantive event of Hazen's fall] allegedly failed to notify Hallmark of the apparent inconsistency when the policy arrived. W.N. McMurry Construction Co v. Community First Ins., Inc., 2007 WY 96, ¶ 32, 160 P.3d 71 (Wyo. 2007). In this case, there is a fundamental conflict between the insurance contract that Center Street, through Plaintiff's agent HUB, was offered and henceforth accepted, and the terms of the policy. No discovery has been conducted to explain why Center Street applied for and was offered insurance effective August 21, 2009 [on a form clearly prepared by HUB], what representations were made to Center Street at the time that application was made, or how or why a policy with an apparent inconsistent effective date of October 22, 2009 was issued. All that is known is that both HUB and Center Street thought – even as late as July of 2010 – that the policy term began on August 21, 2009. Critically, HUB and Center Street, as the parties who negotiated, executed and exchanged consideration for the policy, both had the same view of the effective dates of the policy as of the issuance of the policy itself, and well after. They both

believed that it was effective from August 21, 2009. Under these circumstances, the factual ambiguities inherent here must be clarified through discovery, and summary judgment at the current stage of this litigation is entirely premature. Accordingly, Center Street asks that this Court enter an Order pursuant to F.R.C.P. 56(d) to allow that discovery may be had to allow Defendant Center Street Real Estate, LLC to obtain the discovery and information reasonably necessary to file its response to Plaintiff's motion for summary judgment.

## CONCLUSION

For all the foregoing reasons, this Court should enter an order pursuant to Rule 56(d) deferring consideration of, or denying, Plaintiff's presently pending motion for summary judgment.

DATED this _2_ day of March 2012.

_____
James K. Lubing, WY Bar No. 5-2284
Leah K. Corrigan, WY Bar No. 6-4992
LUBING & CORRIGAN, LLC
*Attorneys for Defendant*
P.O. Box 3894
Jackson, WY 83001
(307) 733-7242- Telephone
(307) 733-7471 – Facsimile

## **VERIFICATION**

James K. Lubing, being first duly sworn upon his oath, deposes and states that all of the factual information contained within the foregoing document is true and correct to the best of his knowledge.

_____
JAMES K. LUBING

STATE OF WYOMING   )
                   ) SS.
COUNTY OF TETON    )

SUBSCRIBED AND SWORN to before me this 2nd day of March 2012, by James K. Lubing.

[seal]

_____
Notary Public

My Commission expires:

Bret F. King - Notary Public
County of Teton   State of Wyoming
My Commission Expires April 30, 2013

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this ___2___ day of March 2012, a true and correct copy of the foregoing was served upon the following counsel of record by placing the same in the service indicated and addressed as follows:

GRAHAM M. SMITH, ESQ.  
WYOMING BAR NO. 6-3718  
823 E. 4TH AVENUE  
EVANS & CO  
DURANGO, CO 91310  
(970) 375-9300  
*Attorney for Plaintiff American Hallmark Insurance Company of Texas*

[ ] U.S. MAIL  
[ ] HAND DELIVERY  
[ ] FACSIMILE  
[ ] FEDERAL EXPRESS  
[✓] CM-ECF ELECTRONIC COPY

ROBERT C. EVANS, ESQ.  
PRO HAC VICE  
COLORADO BAR NO. 30403  
EVANS & CO.  
823 EAST 4TH AVENUE  
DURANGO, CO 91310  
(970) 375-9300  
*Pro Hac Vice Attorney for Plaintiff American Hallmark Insurance Company of Texas*

[ ] U.S. MAIL  
[ ] HAND DELIVERY  
[ ] FACSIMILE  
[ ] FEDERAL EXPRESS  
[✓] CM-ECF ELECTRONIC COPY

WILLIAM R. FIX  
3270 W. WILDERNESS LANE  
P.O. BOX 297  
JACKSON, WY 83001  
307-733-5848  

*Attorney for Defendant Herbert C. Hazen*

[ ] U.S. MAIL  
[ ] HAND DELIVERY  
[ ] FACSIMILE  
[ ] FEDERAL EXPRESS  
[✓] CM-ECF ELECTRONIC COPY

_____  
Legal Assistant